IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

**FILED**
P.M. Sept. 15  2010
DAVID J. MALAND, CLERK
U.S. DISTRICT COURT
By_____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| VS. | §   CRIMINAL NO. 1:10-CR-118 |
| | §   Crone–Giblin |
| CLIFFORD R. ROTH | § |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

<u>Counts One - Fifteen</u>          (Violation: 18 U.S.C. §1343
                                    Wire Fraud; 18 U.S.C. §2
                                    Aiding and Abetting)

That from in or about September 2007, to in or about September 2008, in the Eastern District of Texas and elsewhere, **Clifford R. Roth**, defendant, knowingly devised and intended to devise a scheme and artifice to defraud and to deceive various investors by diverting monies for defendant's personal use from investment funds placed with defendant by means of false and fraudulent pretenses and representations knowing at the time that such pretenses and representations would be and were false when made, said scheme so devised and intended to be devised as follows:

### INTRODUCTION

**Clifford R. Roth**, defendant, aided and abetted by other persons, represented to potential investors that defendant was applying to the Federal Reserve to purchase shares of stock in a bank holding company which would then be used to acquire an Oklahoma bank, Bank of Quapaw. According to defendant Roth, because of bank reciprocity

1

regulations, the Oklahoma bank would establish branches in Texas, including the Beaumont area. **Clifford R. Roth**, defendant, traveled to Beaumont and solicited investors to participate in the purchase of the bank holding company stock and the Bank of Quapaw. **Clifford R. Roth**, defendant, told prospective investors that a large profit would result when the acquired bank is eventually sold to a large financial institution. **Clifford R. Roth**, defendant, also made representations to potential investors that their stock investment would be held in an escrow account until the bank purchase was made or retained only for purposes of the bank purchase and would be returned to investors with accrued interest if the purchase was not made.

## THE SCHEME

**Clifford R. Roth**, defendant, was aware that the representations described above were false and fraudulent when made. As part of said scheme **Clifford R. Roth**, defendant, induced individual investors to give funds to defendant for the purpose of making the above investments by the use of such intentional misrepresentations and concealment of facts. Investment funds obtained from investors were eventually deposited to bank accounts controlled by **Clifford R. Roth**, defendant. Instead of escrowing the invested funds or retaining the funds only for purposes of the bank purchase, making the investments as described above, or returning the funds to the various investors, **Clifford R. Roth**, defendant, and others used the investment funds for personal expenses of defendant and others, to make purchases and investments for

defendant's personal benefit or gain, and to pay "profits" or returns to earlier investors in defendant's various investment programs. Further, **Clifford R. Roth**, defendant, also used "lulling" or stalling tactics, such as emails, phone calls, faxes, and letters to assure investors that the funds were safe or that their investment funds were soon to be returned.

As a result of said scheme and artifice to defraud, **Clifford R. Roth**, defendant, received approximately $1,250,000 or more in investment funds from investors in the Beaumont area which were used for the benefit of defendant and others, causing losses to such investors of approximately the same amount.

On or about the below dates, in the Eastern District of Texas and elsewhere, **Clifford R. Roth**, defendant, for the purpose of executing or attempting to execute the aforesaid scheme and artifice, did knowingly cause to be transmitted in interstate and foreign commerce, by means of a wire communication, certain signs, signals, and sounds, namely, electronic emails to investors, electronic facsimiles of wiring instructions and authorizations for the electronic transfer of funds, and the electronic transfer of funds, as described below, which caused the transfer of funds to a Benson Title Company operating account, Security Bank, Kansas City, Kansas:

| **Count** | **Date** | **Nature of Wire Transmission** | **Amount** |
|---|---|---|---|
| 1 | September 17, 2007 | Transfer of funds by Wells Fargo | $50,000 |
| 2 | November 1, 2007 | Transfer of funds by Capital One | $50,000 |
| 3 | November 8, 2007 | Transfer of funds by Bridge City Bank | $50,000 |

| | | | |
|---|---|---|---|
| 4 | November 8, 2007 | Transfer of funds by Mobil Oil FCU | $50,000 |
| 5 | November 13, 2007 | Transfer of funds by JP Morgan Chase | $50,000 |
| 6 | November 28, 2007 | Transfer of funds by Capital One | $50,000 |
| 7 | November 30, 2007 | Transfer of funds by Capital One | $50,000 |
| 8 | December 11, 2007 | Transfer of funds by Mobil Oil FCU | $35,671.90 |
| 9 | December 19, 2007 | Facsimile of instructions to PrimeAmerica to transfer funds | $197,469.18 |
| 10 | January 8, 2008 | Transfer of funds by Capital One | $50,000 |
| 11 | February 7, 2008 | Transfer of funds by JP Morgan Chase | $25,000 |
| 12 | February 21, 2008 | Transfer of funds by Capital One | $100,000 |
| 13 | April 3, 2008 | Email from Roth regarding escrowed funds held by PCBBank | |
| 14 | April 3, 2008 | Email from Roth regarding wiring instructions | |
| 15 | April 8, 2008 | Facsimile of instructions to Charles Schwab & Co. to transfer funds | $150,000 |

All in violation of 18 U.S.C. §§ 1343 and 2.

## FORFEITURE

1. The allegations contained in Counts 1 - 15 of this indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of the offenses in violation of 18 U.S.C. § 1343 set forth

in Counts 1 - 15 of this indictment, **Clifford R. Roth**, defendant, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. §2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, the following:

**1. Personal Property**

a. MONEY JUDGMENT, being a sum of money equal to $1,250,000 in United States currency representing the amount of proceeds obtained as a result of the wire fraud offenses, in violation of 18 U.S.C. §1343.

3.  If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

A TRUE BILL

_____
GRAND JURY FOREPERSON

JOHN M. BALES
UNITED STATES ATTORNEY

_____
ROBERT L. RAWLS
ASSISTANT U.S. ATTORNEY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 1:10-CR- 118 |
| | § | |
| CLIFFORD R. ROTH | § | |

## NOTICE OF PENALTY

### Counts One - Fifteen

Violation:   18 U.S.C. § 1343 (Wire Fraud); 18 U.S.C. § 2 (Aiding and Abetting an Offense)

Penalty:   Not more than twenty (20) years imprisonment; a fine of not more than $250,000, or both. A term of supervised release of not more than five (5) years.

Special Assessment:   $100.00

7